OA 91  Criminal Complaint

# United States District Court

**FILED**

FEB 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
DEMETRIUS SMITH

CRIMINAL COMPLAINT

Case Number: **MEJ**

3 08 70090

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about **July 6, 2007,** in **San Francisco** County, in the **Northern** District of **California** defendant(s) did,

(Track Statutory Language of Offense)

knowingly possess with intent to distribute a controlled substance

in violation of Title **21** United States Code, Section(s) **841(a)(1)**.

I further state that I am a(n) **Special Agent** and that this complaint is based on the following facts:

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

Approved As To Form: **Drew Caputo** AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

Date: 2-20-08

at San Francisco, California
City and State

Honorable Maria-Elena James    United States Magistrate Judge
Name & Title of Judicial Officer                    Signature of Judicial Officer

**AFFIDAVIT OF STEVEN D. ROBINSON
IN SUPPORT OF CRIMINAL COMPLAINT**

I, Steven D. Robinson, being duly sworn, depose and say as follows:

1. I am a special agent for the Federal Bureau of Investigation ("FBI"), where I investigate cases involving violent gangs and drug trafficking.

2. I make this affidavit in support of a criminal complaint charging DEMETRIUS SMITH with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). As described below, there is probable cause to believe that on July 6, 2007, SMITH knowingly possessed crack cocaine with the intent to deliver it to another person, as further described below. Based on this probable cause, I respectfully request that an arrest warrant issue for SMITH.

3. The purpose of this affidavit is to set forth facts establishing probable cause to support the issuance of the requested arrest warrant. The information contained in this affidavit is based either on my own personal knowledge or on information provided to me by other law enforcement officers. Not all facts known to me are necessarily contained in this affidavit. The affidavit is limited to the facts relevant and necessary to establish probable cause for the requested arrest warrant.

**EXPERIENCE AND TRAINING**

4. I am employed as a special agent for the FBI, and have been so employed since December 2002. I am presently assigned to the FBI's San Francisco Office, where I investigate cases involving violent gangs and drug trafficking activity. During my employment with the FBI, I have participated in several federal search warrants and arrests involving alleged narcotics trafficking and violent acts. I have received training at the FBI Academy in Quantico, Virginia, including training on Violent Street Gangs, Criminal Case Management, Informant Development, and Title III investigations.

5. I am one of the case agents investigating the criminal activities of members and associates of Downtown Gangs, a group of affiliated violent street gangs based in the Western Addition area in San Francisco. Based on my personal participation in this investigation, and my analysis of reports made by other law enforcement officers, I am familiar with the facts and

1 circumstances of the overall investigation as well as the facts and circumstances of the crime
2 which is the subject of this affidavit.

### APPLICABLE LAW

6. The crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), has two elements. First, the defendant must knowingly possess a controlled substance. Second, the defendant must possess the controlled substance with the intent to deliver it to another person. Crack cocaine is a form of cocaine base and is a controlled substance within the meaning of 21 U.S.C. § 841(a)(1).

### FACTS

7. On June 29, 2007, a state court judge issued a warrant authorizing the search of 1226 Eddy Street in San Francisco ("the residence"), the person of DEMETRIUS SMITH and the persons of any documented Eddy Rock gang member or associate who was within the residence and/or entering/exiting the residence at the execution of the search. Eddy Rock is a criminal street gang that operates in the Western Addition area of San Francisco. A list of names of documented Eddy Rock gang members was attached to the affidavit. The search warrant was issued based on an affidavit authored by San Francisco Police Department ("SFPD") Officer Michael Nelson.

8. The warrant authorized law enforcement to search for and seize 1) marijuana and related paraphernalia; 2) evidence of street gang membership or affiliation with the Eddy Rock street gang, including documents, photographs, drawings, writings, gang paraphernalia (e.g., bandanas, jackets, T-shirts) and graffiti depicting the gangs members' names, initials, logos, monikers, and/or slogans; and 3) any articles of personal property tending to establish the identity of persons who have dominion and control over the premises as described above, including rent receipts, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sales receipts, photographs.

9. On July 6, 2007, SFPD officers executed the search warrant at the residence at approximately 7:50 p.m. As the officers were approaching the residence, SMITH was walking westbound on Eddy Street. SMITH was detained and advised of the search warrant by two SFPD

1  inspectors.

2  10.  As authorized by the search warrant, the two SFPD inspectors searched SMITH.
3  SMITH had $658 in his right front pants pocket and 1.38 grams of marijuana in his front jacket
4  pocket.  SMITH was detained and transported to the SFPD Northern Station.

5  11.  As the detention and search of SMITH was taking place, other officers executed
6  the search warrant at 1226 Eddy Street.  At the time of the search, Ella Smith (mother of
7  DEMETRIUS SMITH) and Tamia Smith (an infant) were the only people present in the
8  residence.

9  12.  During the search of a bedroom ("bedroom 1") in the residence, SFPD officers
10 found two plastic baggies containing 11.8 grams of cocaine base and one plastic baggy
11 containing twelve pills of MDMA (ecstasy).  These narcotics were located in the pocket of jeans
12 hanging in a closet inside bedroom 1 of the residence.

13 13.  During a walk-through of the residence with SFPD Officer Nelson and SFPD
14 Sergeant Burke, Ella Smith identified bedroom 1 as DEMETRIUS SMITH's bedroom.

15 14.  As the search continued, SFPD officers located six baggies containing 94.3 grams
16 of marijuana, a digital scale, one box of plastic baggies and numerous pieces of indicia for
17 SMITH in bedroom 1.

18 15.  I know from my training and experience that cocaine base dealers often buy larger
19 quantities of cocaine base and use scales and plastic baggies to break the narcotics into smaller
20 quantities for street-level sales.

21 16.  After completion of the search warrant, SFPD Officer Nelson returned to SFPD
22 Northern Station and conducted an interview of SMITH.  After some initial spontaneous
23 statements made by SMITH, Officer Nelson read SMITH his Miranda rights.  After stating that
24 he understood his rights, SMITH initially denied living at the residence.  Officer Nelson
25 presented SMITH with the evidence showing that SMITH lived at the residence, after which
26 SMITH admitted living there.  When asked by Officer Nelson what SMITH thought the officers
27 found during the search, SMITH indicated that the officers may have found some "weed" (street
28 slang for marijuana).  Officer Nelson told SMITH that officers found marijuana as well as

1  "rocks" (street slang for cocaine base) and ecstasy. SMITH initially denied knowing anything
2  about cocaine base or ecstasy in bedroom 1. However, by the conclusion of the interview,
3  SMITH acknowledged that the narcotics belonged to him.

4      17.    The identification and weighing of narcotics involved in this case was completed
5  by the SFPD Crime Lab Narcotics Division. I have reviewed their report identifying and
6  quantifying the narcotics.

### STATEMENT OF PROBABLE CAUSE

8      18.    Based on the facts set forth in this affidavit, there is probable cause to believe that
9  SMITH possessed cocaine base on July 6, 2007, with the intent to distribute that cocaine base.
10 Officers discovered more than eleven grams of crack cocaine in SMITH's bedroom. SMITH
11 acknowledged that the crack cocaine belonged to him. The amount of the crack, the presence of
12 a digital scale and packaging material in the same room, and SMITH's possession of more than
13 $650 in cash indicate that SMITH possessed the crack with the intent to distribute it. Based on
14 this probable cause, I respectfully request the issuance of an arrest warrant for SMITH.

STEVEN D. ROBINSON
Special Agent, FBI

Subscribed and sworn to before me
this _20_ day of February, 2008.

HON. MARIA-ELENA JAMES
United States Magistrate Judge