JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7004
    FAX: (415) 436-7234
    Email: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>    Plaintiff, )<br><br>v. )<br><br>DEMETRIUS SMITH, )<br><br>    Defendant. )<br>_____ ) | No. CR 08-0131 PJH<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date:   September 3, 2008<br>Time:   1:30 p.m. |

    Defendant Demetrius Smith has pled guilty to a single count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Because defendant has a prior conviction for a felony drug offense, he faces a mandatory minimum ten-year prison sentence under 21 U.S.C. § 841(b)(1)(B)(iii). The probation office recommends that the Court sentence defendant to this mandatory minimum sentence. The United States concurs with that recommendation and respectfully asks the Court to sentence defendant to 120 months imprisonment, 8 years supervised release, and a $100 special assessment.

UNITED STATES' SENTENCING MEMO.
CR 08-0131 PJH

**FACTS**

Based on the report of a confidential reliable informant who visited defendant's home and saw him there with more than a pound of marijuana, along with packaging material and digital scales, San Francisco police officers obtained a search warrant to search defendant's person and his home at 1226 Eddy Street.  They executed the warrant on July 6, 2007.  As they went to the home to execute the warrant, they saw Smith walking down Eddy Street and detained him.  A search of his person revealed a baggie of marijuana and more than $650 in cash.  See Presentence Report ("PSR") ¶ 7.

The officers then searched defendant's home pursuant to the warrant.  In defendant's bedroom they found 11.8 grams of crack cocaine in the pocket of a pair of blue jeans.  The officers also found some MDMA, some additional marijuana, a digital scale, and a box of plastic baggies.  They arrested defendant and took him to the police station.  After being read his Miranda rights, defendant made incriminating statements about possessing the drugs found in his home.  Id. ¶¶ 8-9.

The state brought a series of drug charges against defendant based on the results of the July 6, 2007, search.  In September 2007, Smith pled guilty in state court to possession of marijuana for sale, in violation of California Health and Safety Code § 11359.  He subsequently was sentenced to three years probation.  In return for this guilty plea, the state dismissed all remaining charges.  The United States then charged defendant by complaint with violating federal law by possessing with intent to distribute the crack cocaine found in his bedroom.[1]  In March 2008 a federal grand jury returned a single count indictment charging defendant with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  Id. ¶¶ 10, 32.

During pretrial proceedings, defendant filed a motion seeking disclosure of the identity of the informant whose tip led to the search warrant.  In support of this motion, he filed a

---

[1]     The United States Attorney's Office sought and received from Justice Department headquarters a Petite waiver prior to filing federal charges against defendant.

1
2
3
4
5

declaration in which he admitted to possessing the crack cocaine found in his bedroom but claimed it was for his personal use. Def. Mot. to Disclose Informant (Doc. 20) at Exh. B. After the Court denied his motion, defendant entered an open guilty plea in which he admitted that he had in fact possessed the crack cocaine with the intention to deliver it to other people. He now appears for sentencing.

6

**ARGUMENT**

7
8

The United States endorses the sentencing recommendation of the probation office and respectfully requests a 120-month prison sentence.

9
10

I.    One-Hundred-and-Twenty Months is Both the Mandatory Minimum Sentence and the
       Guidelines Sentence Here.

11
12
13
14
15
16
17
18
19
20
21
22

At his change of plea hearing, defendant admitted to possessing 11.8 grams of crack cocaine with the intention to deliver it to other people. Five years prior to his possession of this crack cocaine in July 2007, defendant was convicted in state court of violating California Health and Safety Code section 11359, which prohibits possession of marijuana for sale. See United States' Information for Increased Punishment by Reason of Prior Felony Drug Conviction (Doc. 29). The combination of this prior felony drug offense and the amount of crack cocaine defendant possessed in the instant offense means that defendant is subject to a mandatory minimum prison sentence of ten years. See 21 U.S.C. § 841(b)(1)(B)(iii). The sentencing guidelines provide that where a mandatory minimum prison sentence is higher than the guidelines sentencing range that would otherwise apply, the mandatory minimum prison sentence is also the guidelines sentence. U.S. Sentencing Guidelines Manual § 5G1.1(b). Thus, 120 months is both the mandatory minimum sentence and the guidelines sentence here.

23

II.    A 120-Month Sentence is Reasonable.

24
25
26
27
28

A 120-month sentence is reasonable under the sentencing factors established by 18 U.S.C. § 3553(a). As shown by the instant offense and by his prior criminal record, defendant is an active drug dealer. The amount of crack cocaine he possessed just in the instant offense was sufficient for 50 or more doses. He also is a member of a violent criminal street gang who was arrested and convicted in state court, subsequent to the offense conduct at issue here, for illegally

UNITED STATES' SENTENCING MEMO.

possessing a firearm.  <u>See</u> PSR ¶¶ 10, 33.  Thus, the nature and circumstances of the instant offense and defendant's history and characteristics all call for a substantial sentence here.  A ten-year prison sentence is necessary to reflect the seriousness of defendant's offense, to provide just punishment, to deter criminal conduct by others, and to protect the public from further crimes by defendant while he is incarcerated.

## CONCLUSION

For the reasons described above, the United States respectfully asks this Court to impose a sentence of 120 months imprisonment, eight years supervised release, and a $100 special assessment.

DATED: August 27, 2008                Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
ANDREW P. CAPUTO
Assistant United States Attorney

UNITED STATES' SENTENCING MEMO.
CR 08-0131 PJH                      4