Michael P. Thorman, State Bar No. 63008
BONJOUR, THORMAN, BARAY & BILLINGSLEY
24301 Southland Drive, Suite 312
Hayward, CA 94544
(510) 785-8400
michael@btbandb.com

Attorneys for Defendant
Demetrius Smith

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR-08-00131 PJH |
| Plaintiff, | |
| | DEFENDANT'S SENTENCING MEMORANDUM |
| vs. | |
| DEMETRIUS SMITH | Date:   September 3, 2008<br>Time:   1:30 p.m. |
| Defendant. | Court:   Hon. Phyllis J. Hamilton |

    Pursuant to his plea to a single count violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and because he has a prior conviction for a felony drug offense, Demetrius Smith faces a mandatory minimum ten-year prison sentence under 21 U.S.C. § 841(b)(1)(B)(iii).  The probation office and the United States concur that the Court impose the mandatory minimum of 120 months imprisonment, 8 years supervised release, and a $100 special assessment.  Understanding that the Court cannot impose anything less and desiring that the Court not impose anything more, defendant requests the sentence that probation recommends and that the United States seeks.

**FACTS**

Defendant agrees with the facts set forth in the sentencing memorandum submitted by the

1

United States.

## ARGUMENT

I.   <u>The Court Should Impose a Period of Imprisonment of 120 Months.</u>

Defendant agrees, as he must, that 120 months is both the mandatory minimum sentence in this case and, by virtue of U.S. Sentencing Guideline § 5G1.1(b), the guideline sentence. Recognizing that it is a moot point in this case, defendant decidedly disagrees that a 120 month sentence is reasonable.[1]

Under the Sentencing Guidelines as calculated by the probation officer, defendant's offense level is 21 and his criminal history category is III.  Absent the mandatory minimum, his guideline range, which already takes into account the weight of the drugs he possessed with intent to distribute, is 46-57 months.  The mandatory minimum sentence is more than double the top of this guideline range, a fact which in and of itself casts serious doubt on the reasonableness of a 120-month sentence.  Additionally, the defendant has already suffered a criminal justice sentence in state court for the possession of marijuana that was seized at the same time of his arrest for his possession of cocaine base, but he will receive no credit against that sentence even though he would receive no extra time in federal court had the cases been prosecuted together in federal court.[2]

The United States argues that defendant's membership in the Eddy Rock street gang further establishes the reasonableness of a 120-month sentence.  The Sentencing Guidelines authorize an upward departure if a defendant is subject to an enhancement under 18 U.S.C. § 521

---

[1] The point is moot because the Court has no authority to impose less than a 120 month sentence.  The only basis for imposing a sentence below the statutory minimum is found in 18 U.S.C. 3553(e) and (f), neither of which is applicable to this case.

[2] The amount of marijuana seized was 94.3 grams.  Using the drug equivalency table contained in Application Note 10(D) and combining the marijuana and cocaine base, defendant would end up at an offense level 23, Criminal History Category III, for a sentence range of 57-71 months, still far below the mandatory minimum.

(pertaining to criminal street gangs). U.S.S.G. §5K2.18. There is no showing in this case that the defendant is subject to such an enhancement. Further, the Guidelines recognize that a defendant may be subject to such an enhancement but, as in this case, no violence is established. In such a case, "the guidelines will account adequately for the conduct and, consequently, this departure provision would not apply." *Id.* Defendant's gang membership does not make reasonable a sentence that is more than double the top of his Guideline range.

The government also supports the reasonableness of the mandatory minimum sentence by observing that the defendant was convicted in state court of possessing a firearm subsequent to the offense conduct in this case. This fact has already been accounted for in determining the defendant's criminal history (PSR ¶ 33). Absent a claim that defendant's criminal history underrepresents his criminality, a claim not made by the probation officer or the government, this conviction does not support the reasonable of a 120-month sentence.

The only thing that makes a 120 month sentence reasonable in this case is that the law requires it. Defendant recognizes that the Court has no choice but to impose a sentence of at least that length whether or not the Court considers it reasonable. Defendant submits, however, that a sentence any longer than 120 months is decidedly unreasonable, and therefore asks the Court to follow the recommendation of probation concurred in by the government and impose a sentence of 120 months of imprisonment.

II.     Other Sentencing Requests

As discussed in the PSR, the defendant has a five and a half year relationship with Michelle Talbert, and they have a one year old child. She intends to be supportive of him during his incarceration and wants to facilitate his relationship with their daughter. Accordingly, defendant requests a recommendation from the Court that he be incarcerated in a facility as near as possible to their home in San Francisco.

For the reasons set forth in the probation officer's report, and consistent with the recommendation in that report, defendant also request the Court recommend that defendant be

allowed to participate in the Bureau of Prisons Residential Drug Abuse Treatment Program.

## CONCLUSION

For these reasons, defendant joins in the recommendation of probation and the request of the government that the Court impose a sentence of 120 months imprisonment, eight years of supervised release, and a $100 special assessment.

DATED: August 27, 2008                    Respectfully Submitted,


_____
Michael P. Thorman
Attorney for Demetrius Smith